UNITED STATES COURT OF APPEALS

February 6, 2013

TENWISE CIRCUIT

DON EDWARD SEELY,

     Petitioner - Appellant,

v.

JUSTIN JONES, Director,

     Respondent - Appellee.

No. 12-5157
(D.C. No. 4:09-CV-00219-JPH-PJC)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Petitioner-Appellant Don Seely, a state inmate proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We deny his

request and dismiss the appeal.

Background

On June 11, 2003, Mr. Seely had an altercation with his estranged wife,

Billie Waterman Seely, and her boyfriend, Gregory Abbott, in Ms. Seely's

Oklahoma home. Seely v. Jones, No. 09-CV-219-JHP-PJC, 2012 WL 3871949, at

*1 (N.D. Okla. Sept. 6, 2012). As a result, Mr. Seely was convicted of burglary

and assault and sentenced to two consecutive 21-year prison terms. R. 104. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions, but reduced the sentences to two 20-year prison terms. R. 109–18. Mr. Seely then filed an application for post-conviction relief in state court, raising 21 claims for relief. R. 266–452. The trial court denied the motion, and the OCCA affirmed. R. 500–02.

In his federal habeas petition, Mr. Seely raised eleven claims for relief. R. 509–82. The state argued that the claims were either procedurally barred or did not demonstrate entitlement to relief. R. 123–47. The district court agreed and denied the petition. Seely, 2012 WL 3871949, at *1. In particular, it deferred to the OCCA's denial of three claims adjudicated on the merits—(1) ineffective assistance of trial counsel, (2) the trial judge's failure to answer a question from the jury in open court, and (3) the imposition of an excessive sentence. Id. at *7–14. It found that the OCCA's decisions with respect to these claims were not "contrary to, or [did not] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor were they "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412–13 (2000). The district court reviewed Mr. Seely's claim of ineffective assistance of appellate counsel de novo because the OCCA's analysis of the merits deviated from the controlling federal

standard.  <u>Seely</u>, 2012 WL 3871949, at \*11.  It nevertheless found that Mr. Seely

failed to demonstrate entitlement to relief on that claim as well.  <u>Id.</u>  The district

court denied the remaining claims on procedural grounds.  <u>Id.</u> at \*14–18.

Specifically, it found that the procedural bars were based on independent and

adequate state law grounds and that Mr. Seely failed to show cause and prejudice

for the default or that a fundamental miscarriage of justice would result if his

claims were not considered.  <u>Id.</u> at \*18 (citing <u>Coleman v. Thompson</u>, 501 U.S.

722, 724 (1991)).  Mr. Seely renews all but two of these claims in his application

before this court.


## Discussion

In order for this court to grant a COA, Mr. Seely must make "a substantial

showing of the denial of a constitutional right,"  28 U.S.C. § 2253(c)(2), such that

"reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further."  <u>Slack v.

McDaniel</u>, 529 U.S. 473, 484 (2000) (citation and internal quotation marks

omitted).  In addressing this question, we review Mr. Seely's pro se filings with

special solicitude.  <u>See</u> <u>Van Deelen v. Johnson</u>, 497 F.3d 1151, 1153 n.1 (10th

Cir. 2007).  Where the district court rejected Mr. Seely's constitutional claims on

procedural grounds, he must demonstrate that "jurists of reason would find it

- 3 -

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Where the district court rejected Mr. Seely's claims on the merits, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

We have carefully reviewed Mr. Seely's opening brief and application for a COA, the district court's thorough analysis of each of Mr. Seely's claims, and the record. Based on this review, we conclude that Mr. Seely fails to make a substantial showing of a denial of a constitutional right and that no reasonable jurist could debate the correctness of the district court's decision. Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge